# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN M. EBRAHIM, *et al.*,<br><br>                      Plaintiffs,<br>    v.<br><br>WALMART, INC., *et al.*,<br><br>                      Defendants. | Civ. No. 2:18-cv-10967-SRC-CLW<br><br>**REPORT & RECOMMENDATION** |

This matter comes before the Court on Plaintiffs Ellen and George Ebrahims' ongoing failure to prosecute this case.

**BACKGROUND**

Plaintiffs Ellen and George Ebrahim first brought this action in the Superior Court of New Jersey, Middlesex County, on May 16, 2018. (Compl., ECF No. 1-1). Plaintiffs asserted state law negligence claims against the Defendant related to an alleged slip and fall on Defendant's property (*Id.*). Defendant removed this matter to this Court on June 22, 2018. (ECF No.1).

Initially, Plaintiffs were represented by counsel in this matter. On December 13, 2018, Plaintiffs' counsel moved to withdraw its representation of Plaintiffs. (ECF No. 11). The Court scheduled a hearing for January 24, 2019 on the Motion to Withdraw and directed Plaintiffs' counsel to notify Plaintiffs that they were ordered to appear at the hearing. (ECF No. 12). On January 24, 2019, granted the Motion to Withdraw. (ECF No. 15). In addition to granting the motion, the Court ordered that Plaintiffs appear on February 25, 2019 with new counsel or to inform the Court that they will proceed pro se. (ECF No. 13). The order cautioned Plaintiffs that a failure to appear will result in dismissal.

On February 25, 2019, Plaintiffs failed to appear, and on March 1, 2019 the Court subsequently issued an order to show cause as to why the suit should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 16). Due to a clerk's error, the order was never delivered to Plaintiffs, and the Court re-issued the order to show cause on April 22, 2019, this time with a return receipt. (ECF No. 17-19). On the schedule hearing date of May 9, 2019, Plaintiffs failed to appear.

**DISCUSSION**

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 Fed.Appx. 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L.Ed. 2d 734 (1962). Normally, courts look to the six factors articulated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1990) to determine if dismissal of a case is an appropriate remedy. "Where, however, a plaintiff refuses to proceed with a case or otherwise makes adjudication impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (citations omitted).

Here, Plaintiffs have not taken any steps to prosecute this action after the withdrawal of her previous counsel. Plaintiffs violated two court orders to appear. The Court warned Plaintiffs that this action would be dismissed should they fail to appear at the last of those hearings, and Plaintiffs failed to appear or otherwise attempt to contact the Court despite this warning. "[I]n contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward," Plaintiffs here have "willfully

2

refused to prosecute [their]…claims[.]" *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). Therefore, the Court may use its discretion to dismiss this action. *Id.*

## CONCLUSION

For the foregoing reasons, the Court recommends that this action be dismissed in its entirety with prejudice. Pursuant to Local Rule 72.1(c)(2), parties shall have 14 days from the date this report is filed with the Clerk of Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

Dated: May 29, 2019

s/ Cathy Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
